## In Re Sylindia B. Hathaway's Will.

October Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed January 31, 1903.

*Wills—Parties to contest—Witness—Competency—Evidence —Instructions.*

A person named as executor in a will who never qualified as such or received letters testamentary, and who was not named in the order of the Probate Court as the person upon whom notice of the appeal from the allowance of the will should be served, is not a party to the proceedings upon such appeal, and his wife is a competent witness.

When a husband and wife are properly joined as parties to a contest over the establishment of a will, the wife is a competent witness.

When the state of certain evidence is such that no material fact can be found upon it, it is not error to withdraw it from the consideration of the jury.

When the testimony tends to show that certain words in a will were written with a different pen and different ink, but the jury find specially that they were written into the instrument before it was executed, it is not error that the Court refused to charge that the time when these words were written should be considered upon the question of due execution.

A request to charge, which, though it contains a correct statement of the principle contained therein, is not applicable to the case on trial on account of the state of the evidence, is properly refused.

It was for the jury to say what a certain statement, made by a witness out of court, indicates.

APPEAL from a decree of the Probate Court allowing an instrument as the will of Sylindia B. Hathaway. Trial by jury at the June Term, 1902, Windsor County, *Haselton, J.*, presiding. Verdict and judgment thereon sustaining the will. The defendants excepted.

. *Charles Batchelder* for the contestants.

The trial Court erred in admitting the wife of the person named as executor in the proposed will as a witness in support thereof. *Crocker* v. *Chase's Estate,* 57 Vt. 413.

It may be claimed that a person merely named as executor and not duly appointed is not entitled to act as proponent. He seems to be regarded as liable for costs. *Wyman* v. *Symms,* 10 Allen 153. He has been regarded in certain instances as a proper party. *Colvin* v. *Fraser,* 2 Hagg, 368.

In case it should be claimed that any notice given in the case is decisive of the question who is the proposing party, we submit that if this is true then it is in order for a probate judge to make and unmake parties to causes arising from matters in Probate Court. V. S. 2592. Until the person named as executor by a formal written notice declines to accept the trust he must be considered the party.

If Charles H. English is in law the proposing party, then his wife is not a competent witness. *Davis* v. *Davis's Estate,* 48 Vt. 502; *Crocker* v. *Chase's Estate, supra.*

Mrs. Howland was not a competent witness in favor of the will since she was not properly joined as a party in a *suit.* The proceeding to establish a will is not a suit. Mr. Howland is interested. *Eliot* v. *Eliot,* 10 Allen, 357; *Labarce* v. *Wood,* 54 Vt. 452. Mr. Howland being interested, his wife

is incompetent as a witness. *Wescott* v. *Wescott's Estate,* 69 Vt. 234; *Giddings* v. *Turgeon,* 58 Vt. 106.

It was error to instruct the jury to disregard the testimony of Gilbert Atwood. It was received without objection, and counsel for the proponents cross-examined the witness. Thomp. Trials, ss. 716-719.

As to the words claimed to have been inserted after the execution of the instrument, whatever the finding, the Court should have complied with the request to charge, and a refusal to do so was error. The burden was upon the person proposing the will to explain the matter. It was claimed that the instrument had been altered. The burden was on the proposing party to clear away that cloud. I Greenl. Ev. (16 Ed.) s. 564.

There was error in failing to instruct the jury that the testatrix should not only have in mind the value and extent of her property, but should also have in mind her relatives and their needs and natural claims upon her. *Converse* v. *Converse,* 21 Vt. 168.

Evidence was introduced tending to show that English, when asked in relation to the disposition the testatrix had made of her property, told that which was not true. This being so, the contestants were entitled to have the jury instructed in accordance with the second request. *Fairchild* v. *Bascom,* 35 Vt. 398, 418.

*William E. Johnson* for the proponents.

Mr. English was not a party to the suit. He did not accept the trust, he did not give a bond, and was forbidden by law to intermeddle with the estate. V. S. 2377. The Probate Court directs in the matter of the notice of appeal. V. S. 2592.

The appellant is required to file in the County Court a certified copy of the record with evidence that notice has been given to the *adverse party* according to the order of the Probate Court.   V. S. 2594.

The contestants rely upon the case of *Crocker* v. *Chase's Estate,* 57 Vt. 413, but examination of the certified copy of the files in that case shows that the Probate Court ordered service made on Crocker, the executor, and no one else, and that service was so made.   Under those circumstances the decision was correct, but the case is no authority here.   Here the Probate Court ordered service to be made upon the legatees, and the legatees are therefore the proponents.

It is held in *Richardson* v. *Richardson,* 35 Vt. 238, that the executor of a will who takes no benefit under it, is a competent witness to its execution.   In this case Mr. English takes no benefit.   It follows then, he would have been a competent witness to the will and consequently his wife was a competent witness to the will.

Elvira T. Howland was competent because she was properly joined with her husband as a party to the suit.   V. S. 1241.   Besides Mrs. Howland was interested personally in the result of the case, and she was a witness, not for her husband to aid him, but for herself and to protect her own rights and interests.   The fact that her testimony might incidentally benefit her husband does not preclude her from testifying in her own behalf.

There was no error in withdrawing the testimony of Gilbert Atwood from the consideration of the jury.   His testimony tended only to show the simple fact that the testatrix, eight years before she made this will, sold her farm to Mr. English on time for a less sum (but how much less does not appear) than she had been offered for it in cash.   This fact,

standing alone, has no tendency to show that eight years afterward Mr. English by undue influence procured the testatrix to make this will. *Foster's Executors* v. *Dickinson,* 64 Vt. 239; Thomp. Trials, s. 2354.

The request of the contestants in reference to the testimony of George Raymond was properly refused. The most that could be claimed for this testimony would be that it tended to impeach the testimony of Mr. English. The Court so treated it in the charge.

The request in regard to the words claimed to have been written into the will after its execution was properly refused. At most it would be an alteration by a stranger after the execution. In this case the adding of the words does not alter the terms of the instrument, and is at most an immaterial alteration. *Derby* v. *Thrall,* 44 Vt. 415.

The jury having found that these words were in the instrument when executed, removes all question under this exception.

The contestants' request relative to the claims of kinship, though sound in law, was not applicable to the circumstances of this case, and therefore was properly refused.

STAFFORD, J. The will in dispute was established in the County Court, and the questions before us arise upon exceptions taken by the contestants to rulings and instructions during the trial.

The first question is whether the wife of the person named in the will as executor was properly permitted to testify. Charles H. English, the person so named, drew the will and had the custody of it until after the death of the testatrix, when, as the statute required, he left it with the Probate Court and thereafter had nothing to do with it or with the estate. He never accepted or declined the trust, nor ever gave

a bond, nor ever received letters testamentary. A penalty is provided for failing to return a will left in one's custody, and for failing, if named therein as executor, to signify in writing acceptance or refusal of the trust. V. S. 2357-2359. One neglecting to accept or to give bonds for twenty days after probate is forbidden to intermeddle or act as executor. V. S. 2377.

In the Probate Court the instrument had been allowed. The only legatees are Benjamin E., Elvira T., and Josephine Howland. The heirs at law are four, of whom two appealed. In such cases the statute requires the appellant to "give notice of his appeal in such manner as the Probate Court directs." V. S. 2592. And to file in the County Court, with the certified copy of the record in the Probate Court, "evidence that notice has been given to the adverse party according to the order." V. S. 2594. Here the Probate Court directed that notice of the appeal should be given by service upon the legatees, which was done. The legatees entered and have alone acted as proponents; while the appellants have appeared and acted as contestants.

Was Mr. English, under these circumstances, the proponent of the will, and a party to the proceeding? If he was, his wife was incompetent as a witness. *Crocker* v. *Chase's Estate*, 57 Vt. 413. In that case the Probate Court directed that notice of the appeal should be given to the person named as executor in the will, who was accordingly served, and entered and acted in the County Court as proponent. The legatees were not notified, and did not appear as parties. Consequently the executor there stood as proponent, representing the legatees and being the party of record. Here, as we hold, the legatees, and not Mr. English, were the parties of record, proponents of the will; and so, of course, there was no error in permitting Mrs. English to testify.

The next question is whether Mrs. Howland was properly admitted as a witness. She is one of the legatees, and is the wife of another legatee. The objection urged is that, her husband being interested, she is incompetent under the common law rule; and so she is, unless she is included in the statutory exception which permits husband and wife to testify "when they are properly joined in the action as plaintiffs or defendants." V. S. 1241. It is argued that this proceeding is not an action, within the meaning of the statute; but we think the word was intended to include it, and is broad enough for the purpose. In the case of *In Re Nelson's Will*, 70 Vt. 130, 39 Atl. 750, the husband of an heir joined with his wife in an appeal from the allowance, and motion was made to dismiss him as improperly joined; but, it appearing that the decedent left real estate which would come to the appellant wife if the will should be disallowed, he was held to have such a legal interest in the controversy, by virtue of his marital rights in the real estate, as entitled him to join in the appeal. So here Mrs. Howland was properly joined by virtue of her own interest, and cannot be denied the privilege of testifying for herself, although she thereby testifies for her husband, also, who happens to have a similar interest,—that being the very reason, as we conceive, for the enabling clause above quoted.

One ground of objection to the will was that it was the product of undue influence on the part of Mr. English. In support of this claim the contestants showed by Mr. Atwood that about ten years before the will was made he offered the testatrix a sum in cash for certain of her land, which she refused. They then offered to show that a short time afterwards she sold the land, with some personal property, to Mr. English, on time, for a less sum, but not how much less. The offer was excluded and the contestants excepted, but do not rely

upon that exception here. The jury was finally told to leave the Atwood testimony out of consideration, and to this an exception was taken which is still urged. But the state of the evidence was such that the jury could not have found any material fact upon that detached statement, and there was no error in withdrawing it.

The instrument in question contained the following clause: "It is my will that all the residue of my estate of every kind and description, after paying all the cost of settlement, be turned over to Benjamin E. Howland, Alvira T. Howland and Josephine Howland in equal shares; that is, one-third to each,—theirs to do with as they please."

The words, "theirs to do with as they please," the contestants claimed, and introduced evidence to show, were written with a different pen and with different ink from those used in drawing the remainder of the will. It was conceded that these words, as well as the rest of the instrument, were written by Mr. English, who testified that they were witten before the will was executed. The jury, in a special verdict, found that his statement in this respect was true; and, in view of that finding, we see no merit in the contestants' exception to the refusal of the Court to charge that the time when these words were written should be considered in determining whether the will was duly executed.

Exception was taken to the refusal of the Court to charge as follows: "The natural claims of kinship are usually recognized by one in meting out her bounty, especially if her kindred be poor, and her relations with them have been friendly. If such natural claimants are ignored, it is a circumstance which bears strongly upon the issue of undue influence, as well as mental capacity."

Without criticizing the request as a general proposition, it is enough to say that it had no such application to the case

on trial as to entitle the contestants to have it given. There was no evidence that the kin were poor, and the undisputed testimony showed such neglect of the testatrix on their part, and such kind and constant attention on the part of the legatees, that a charge in the language of the request would have been much less appropriate than the one given, which we think omitted none of the legal elements.

The Court was asked to instruct the jury that if Mr. English did tell George Raymond, as the latter had testified, that he did not know that the testatrix had made a will, it would tend to show that he was trying to shield both himself and the legatees from suspicion of having unduly influenced the testatrix; because he would not have said so if there had been nothing to conceal. The request was properly refused. Mr. English was not a party, but a witness, merely; and in any view it would be for the jury to say, as matter of fact, whether the statement indicated what the contestants claimed, or only that Mr. English had forgotten, or was reticent about disclosing a confidential matter, and not for the Court to say what it indicated, as matter of law.

*Judgment affirmed and ordered certified to Probate Court.*