IN RE DONALD M. ACKERMAN.
DONALD M. ACKERMAN, APPELLANT, V. CIVIL SERVICE COMMISSION OF THE CITY OF FREMONT, APPELLEE.

128 N. W. 2d 588

Filed May 29, 1964. No. 35674.

Kerrigan, Line & Martin, for appellant.

Spear, Lamme & Simmons and Max A. Powell, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is a proceeding under the Civil Service Act, Chapter 19, article 18, R. R. S. 1943. On July 1, 1963, the appellant, Donald M. Ackerman, was discharged from his employment with the police department of the city of Fremont, Nebraska. The appellant then filed a written demand for an investigation with the civil service commission.

The commission found that the appellant had been discharged in good faith for cause and not for political or religious reasons and affirmed the discharge of the appellant. The appellant then appealed to the district court for Dodge County, Nebraska. The district court found that the judgment of the civil service commission was made in good faith for cause and affirmed the judgment of the commission. The appellant's motion for new trial was overruled and he has appealed to this court.

The appellant's assignment of error relates to the

sufficiency of the evidence to support the finding that he was discharged for cause.

The Civil Service Act regulates the hiring and discharge of certain employees of the fire and police departments in the cities where it is applicable. It prohibits the discharge of employees for political or religious reasons but provides that employees may be discharged for cause. Dloughy v. City of Fremont, 175 Neb. 115, 120 N. W. 2d 590.

The tenure of an employee under the Civil Service Act is only during good behavior, and an employee may be discharged for any of the reasons which are listed in section 19-1807, R. R. S. 1943. These reasons constitute cause for discharge.

Section 19-1808, R. R. S. 1943, provides that an employee who has been discharged may file with the civil service commission a written demand for an investigation. The commission then conducts an investigation to determine whether the discharge was made for political or religious reasons or in good faith for cause. If the commission finds that "in its estimation the evidence is conclusive," the commission may affirm the discharge or modify the order and direct a suspension or demotion.

Section 19-1808, R. R. S. 1943, further provides that an employee may appeal from the order of the commission to the district court. The appeal is to be heard and determined in a summary manner. The review in the district court is limited to a determination of whether the order of the commission was made in good faith for cause.

The act vests a wide discretion in the civil service commission but does not vest a similar discretion in the district court. The statute does not contemplate that the appeal to the district court shall be a trial de novo similar to the review on appeal of an action in equity. The purpose of the appeal to the district court is to permit the employee to obtain a determination only as to whether the order of the commission was made in good

faith for cause. If the evidence in the district court is sufficient to show that the order of the commission was made in good faith for cause, then the order of the commission must be affirmed.

In this case the only evidence which was introduced in the district court was the record of the testimony and exhibits which were received at the hearing before the civil service commission. Thus, the inquiry here is limited to whether this evidence was sufficient to sustain a finding of cause for discharge.

The written accusation which was served upon the appellant charged him with incompetency, dereliction of duty, and dishonest conduct. These charges are reasons for discharge listed in section 19-1807, R. R. S. 1943, and constitute cause for discharge if proved.

The evidence relating to the charge of incompetency consisted largely of testimony that the appellant on several occasions had failed to properly complete reports of investigations and statements which he had taken. Several of the reports and statements appear as exhibits in the record. The incidents involved were minor in nature and it did not appear that any complaint had been made to the appellant by his superior officers in the department.

The evidence relating to the charge of dereliction of duty consisted largely of testimony that police cars had been seen parked near a place of business operated by the appellant and that on one occasion he received a call over the police radio while he was at this place of business.

The evidence relating to the charges of incompetency and dereliction of duty was incomplete and fragmentary in nature. Without discussing this evidence in greater detail it is doubtful whether this evidence, if considered alone, would be sufficient to establish cause for discharge.

The evidence relating to the charge of dishonest conduct consisted of testimony that the appellant had made

two alterations upon an initiative petition which had been circulated in the city of Fremont, Nebraska.

Section 18-102, R. R. S. 1943, provides that initiative petitions shall be signed by the voters of the city and shall state after each signature the residence with street and number, or number of the lot or tract of land, where the petitioners reside. Section 18-125, R. R. S. 1943, provides that willful destruction of a petition or any part thereof is punishable by fine and imprisonment.

There was evidence before the commission that in 1962, petitions were circulated in the city of Fremont, Nebraska, to propose an ordinance repealing two ordinances which established the office of city administrator. Exhibit 15 is a petition on which the signatures of Robert A. Abel and Billy Howe appear. There was evidence that Abel lived at 2022 East Eighth and that Howe lived at 1645 Broad. The address written on the petition opposite the signature of Abel appears to be 2922 E 8th. The address written on the petition opposite the signature of Howe appears to be 7645 Broad.

Kenneth Heinsohn, a former employee of the police department, testified that he was with the appellant in Jensen's Cafe in Fremont, Nebraska, when, at the appellant's request, a waitress brought a petition to the booth in which they were sitting. Heinsohn then testified: "Q- What occurred then, Mr. Heinsohn? A- He looked at it and he took a pen out of his pocket and made a mark, I don't recall if it was on the same piece of paper or a different one. He mentioned it was the same color of ink and he mentioned 'I will show you how to do this'. Q- He made a mark on the petition or another piece of paper? A- I don't remember. He did mention it was the same color of ink and said 'I will show you how to do this', or 'I will show you how to take care of this', and started making a change on the address. I don't know how many. Q- Did you see the pen in his hand? A- Oh, yes. Q- And you could see the petition? A- Yes. Q- And could you see a change or changes being

made? A- Yes, sir. Q- Do you recall what changes were made? A- No, I don't. It is too far back. Q- Refreshing your recollection, Mr. Heinsohn, I will ask you — A- Are you speaking of the changes? Q- Yes. A- There was one a zero, I believe, and he changed that to a 9, and there was one, I believe a 1 to a 7."

Heinsohn also testified that he did not remember the date, but that it took place somewhere around the middle of October 1961; that he did not see the names on the petition; and that he was unable to identify exhibit No. 15 as the petition on which the addresses had been changed. Apparently, Heinsohn was mistaken about the date since exhibit No. 15 appears to have been circulated in 1962. However, these were matters which relate to credibility and were determined by the civil service commission.

The evidence before the commission was sufficient, if believed, to establish that the appellant had made two alterations upon an initiative petition and thus prove dishonest conduct as a cause for discharge. The record sustains the finding of the district court that the order of the commission was made in good faith for cause.

The appellant produced evidence that he had been employed in the police department since 1947, that he had received three commendations in 1959, and that in 1960 he had been made a detective to carry on plainclothes investigations. These were matters which were proper for the consideration of the commission. It was within the discretion of the commission to decide that the order of discharge should be affirmed without modification. The commission acted within its discretion and there is evidence to support its findings.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.