## Arthur A. Lambert v. Equinox House, Inc.

[227 A.2d 403]

December Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 7, 1967

*O'Neill, Delaney & Valenti* for plaintiff.

*James Jeffords* for defendant.

**Holden, C.J.** This is an appeal from a judgment for the plaintiff in an action for breach of an employment contract. The defendant engaged the plaintiff to act as reservation manager at its resort hotel in Manchester, Vermont, during the 1964 season.

The plaintiff and the defendant's president and general manager both testified they understood at the time of hiring, that the period of employment was to be for the full season, from May 15 to October 15, 1964. The plaintiff was discharged by the defendant on August 20 of that year.

In submitting the case, the court instructed the jury that the burden was on the plaintiff to prove the contract of employment for a specified time. At the conclusion of the charge the defendant objected to the court's failure to charge as requested, to the effect that unless the plaintiff proved by a preponderance of the evidence that the contract was for a specific time, the employment was terminable at the will of either party. The trial court's rejection of this request is the defendant's first assignment of error.

Since the evidence was not in dispute that the plaintiff's employment was for the full season, there was no basis for a finding by the jury that the contract was of indefinite duration and terminable at will for that reason. Unlike *Mullaney* v. *Goss Co.,* 97 Vt. 82, 87, 122 Atl. 430, upon which the defendant relies, where the employment contract was "for so long as business conditions warranted," the plaintiff was engaged with the understanding of all concerned, that he would serve for the full season of five months. This was confirmed by the defendant's president.

On this state of the evidence there was no justification for the court to pose the question of a contract of indefinite duration. The requested instruction was inapplicable to the situation disclosed by the evidence. No error appears. *Gould* v. *Gould,* 110 Vt. 324, 330, 6 A.2d 24; *In Re Hathaway's Will,* 75 Vt., 137, 144, 53 Atl. 996.

The first witness called by the plaintiff at the trial was the defendant's president, Thomas F. Farley. In the course of examination by plaintiff's counsel, this witness testified that the plaintiff became involved in difficulties with other employees and that his co-workers

threatened to leave the defendant's employ because of these troubles which originated with the plaintiff. The witness also testified that the plaintiff was discourteous to guests of the hotel and was the source of numerous complaints by offended visitors. It also appeared from this witness that the plaintiff adopted a belligerent attitude toward his superiors. Another witness testified that the plaintiff disobeyed the rules imposed by the management. Much of this evidence was later refuted or explained by the plaintiff.

Concerning the burden of proof on these issues, the court charged:

"Now in the first instance, the burden is on the plaintiff to prove his contract, the same for a specified time, and his performance up to the time of discharge as well as the employers breach thereof. The burden of showing ability and willingness to perform the contract is on the employee. The employee, however, establishes his prima facie case by proving the contract, his performance thereof up to the time of his discharge, and the damage resulting from that discharge."

In order to justify recovery, the plaintiff had the burden of proving every element necessary to establish his contract of service. He was also called upon to prove his faithful performance of that contract and his wrongful discharge from the engagement by the defendant. 56 C.J.S., Master and Servant, §11 p. 87; 35 Am. Jur., Master and Servant, §59; Annotation, 6 L.R.A. (N.S.) 68. This aspect of the charge was substantially correct. Had the plaintiff satisfied the jury of his adequate fulfillment of his undertaking, in the absence of anything to the contrary, the jury might infer that there was no sufficient cause for the defendant to discharge him. *Schafer* v. *Thurston Mfg. Co.,* 48 R.I. 244, 137 Atl. 2, 5.

However, the court went on to instruct further by saying:

"The burden of proving just cause for the discharge of the employee generally rests upon the employer, and where the employee enters upon his duties and continues until he is dismissed, he need not prove that he performed his duties as a presumption arises that such is the fact, and the burden of proving a sufficient cause for his discharge is on the employer, and this burden does not shift to the employee by reason of allegations in his complaint that he was dismissed without good cause."

■ The defendant objected to the court's instruction that there was a presumption favorable to the plaintiff concerning his performance of the employment contract.

Save for certain statutory exceptions, the function of presumptions in the trial of causes in this state was settled in *Tyrrell* v. *Prudential Insurance Co.*, 109 Vt. 6, 23, 192 Atl. 184. The opinion by Chief Justice Powers pointed out that disputable presuptions are locative merely. "A presumption, of itself alone, contributes no evidence and has no probative quality. It takes the place of evidence, temporarily, at least, but if and when enough rebutting evidence is admitted to make a question for the jury on the fact involved, the presumption disappears and goes for naught. In such a case, the *presumption* does not have to be *overcome* by evidence; once it is confronted by evidence of the character referred to, it immediately quits the arena."

The evidence concerning the plaintiff's performance was in dispute from the outset of the trial. There was no presumption to aid either side of the controversy. The case should have been submitted free from any instruction to the contrary. *Smith* v. *Grove*, 119 Vt. 106, 112, 119 A.2d 880; 9 Wigmore Evidence, §2491 (3rd Ed.).

While the instruction first given was substantially correct, that which followed was incorrect and inconsistent. Since the jury was given the liberty of following either direction, there was prejudicial error which requires a reversal. *Kinsley* v. *Willis*, 120 Vt. 103, 111, 132 A.2d 163; *Tyrrell* v. *Prudential Insurance Co.*, *supra*, 109 Vt. at 20; *Farmers' Exchange* v. *Brown*, 106 Vt. 65, 69, 169 Atl. 906.

Since the cause is remanded for a new trial, we are called upon to consider the defendant's remaining claim of error. It is likely to arise again.

Following his discharge by the defendant, the plaintiff received unemployment compensation benefits for the period from August 26 through October 15, 1964. The defendant requested the court to instruct the jury that any damages assessed against the defendant for breaking the employment contract should be reduced by the unemployment benefits received by the plaintiff during the term of the agreement. The defendant excepted to the denial of this request.

■■ In this we find no error. We do not regard payments received by the plaintiff from the unemployment compensation fund as

wages received from other employment. The benefits paid the plaintiff from the unemployment fund were designed to afford relief against the distress of unemployment. An employee having established his eligibility for such awards under Chapter 17 of Title 21, Vermont Statutes Annotated, should not be compelled to yield such benefit to reduce the damages charged against his employer for a wrongful discharge of the employee. *Bang* v. *International Sisal Co.,* 212 Minn. 135, 4 N.W. 2d 113, 141 A.L.R. 657, 662; 22 Am. Jur., Damages §18. See also *D'Archangelo* v. *Loyer,* 125 Vt. 325, 328, 215 A.2d 520.

*Judgment reversed and cause remanded.*