FRED J. FREDERICKSON, APPELLANT, v. ERNEST L. ALBERTSEN, THE MAYOR, AND THE CIVIL SERVICE COMMISSION OF THE CITY OF SOUTH SIOUX CITY, NEBRASKA, APPELLEES.

161 N. W. 2d 712

Filed October 18, 1968. No. 36905.

Leamer & Galvin, for appellant.

Don A. Fitch, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

The chief of police of South Sioux City, Nebraska, under civil service refused to obey an order of the mayor. Consequences to the chief, Fred J. Frederickson, included (1) an order by the mayor for discharge of Frederickson for insubordination, (2) an investigation by the civil service commission, (3) the commission's affirmance of the discharge, and (4) an affirmance of the commission's

order on appeal to district court. Frederickon has appealed to this court. The question is whether the mayor exceeded his authority in making the order that Frederickson refused to obey.

The controversy stemmed from an increase in personnel with officer rank from one to three—chief of police, captain, and lieutenant. The city needed officers with rank on duty during the scheduled periods known as morning, afternoon, and midnight shifts. Soon after the new appointments, the mayor ordered Chief Frederickson to assign the lieutenant to the midnight shift. The chief refused. The lieutenant consequently performed duties that included those of a training officer on the morning shift on which the chief also worked. The chief in defense of his position testified: "* * * it was my responsibility and my duty to use any personnel as I saw fit and in the best interest of the department."

South Sioux City, a city of the first class with about 8,500 population, is governed by the following statutory provisions: "The chief of police shall have the immediate superintendence of the police." § 16-323, R. R. S. 1943. "The mayor * * * shall have the superintending control of all the officers and affairs of the city, * * *." § 16-312, R. R. S. 1943. The city's civil service commission possesses broad discretion in ruling on orders of discharge by appointing powers. On appeal to district court the only issue is whether the commission's order was made in good faith for cause. § 19-1808, R. R. S. 1943. Ackerman v. Civil Service Commission, 177 Neb. 232, 128 N. W. 2d 588.

Assignments of policemen with officer rank to scheduled periods of duty in a department that numbers only three officers may express major policy. The district court found in this case that the civil service commission had acted in good faith for cause. The finding on the evidence was not clearly erroneous. The judgment is affirmed.

AFFIRMED.