ROGER S. SHEPHERD, APPELLANT, v. CITY OF OMAHA, A METROPOLITAN CITY, ET AL., APPELLEES.

235 N. W. 2d 873

Filed December 11, 1975. No. 40034.

Thomas F. Dowd, for appellant.

Herbert M. Fitle and James E. Fellows, for appellees.

Heard before SPENCER, NEWTON, and CLINTON, JJ., and HENDRIX and BUCKLEY, District Judges.

SPENCER, J.

Roger S. Shepherd appeals from the judgment of the District Court affirming the action of the Omaha city personnel board in approving his dismissal from the police department. The question presented is whether or not there is competent evidence in the record to support the finding that Shepherd committed fraud in answering a question as to physical defects or disability on his employment application. We reverse.

In May of 1968, Shepherd was involved in an automobile accident in which he sustained an injury to his back. In July of 1968, Dr. David W. Minard performed a partial hemilaminectomy and a herniated intervertebral disc was removed. Shepherd continued to improve but was still in pain for several weeks. He was directed to continue wearing lumbosacral support. In December of 1968, Shepherd was discharged from Dr. Minard's care.

Shepherd settled a civil lawsuit in connection with the injuries sustained in the accident for $8,000. His special damages were approximately $4,000. His testimony was that he had been advised by his attorney that

his attending physician felt there was no permanent disability.

In November 1969, Shepherd completed an application for employment with the city of Omaha. At that time he was employed as a grocery clerk with Hinky Dinky stores where his duties included unloading trucks, stocking shelves, and carrying out groceries for customers. Although these duties were of a strenuous and exertive nature, he testified that he experienced no pain, discomfort, or limitation of motion in his back while so employed.

Question No. 24 of the city's employment application form read: "Do you have any physical defects or disability?" Shepherd responded in the negative. Following the completion of this application form, Shepherd took a civil service test, a physical fitness test, a psychiatric test, and a physical examination, all of which he successfully completed. The physical examination involved his stripping down to his shorts. The examining doctor tapped on his back, which had a 4-inch scar from the laminectomy. No questions were asked relative to the scar. He was hired as a policeman on March 1, 1970.

In January of 1972, Shepherd was again treated by Dr. Minard for back pain. Shepherd's evidence indicated that his injury resulted from his jumping out of his cruiser while on duty on the early morning of January 19. The city introduced evidence that Shepherd had in fact visited Dr. Minard on the 18th of January, prior to the report of injury on duty. Shepherd subsequently returned to his duties as a policeman.

In December of 1973, while on duty, Shepherd sustained an injury to his back as a result of a fall. He was off duty for this injury but returned to duty when he obtained a release from his physician. In February of 1974, Shepherd again sustained an injury to his back in an off-duty automobile collision. Shepherd returned to work March 29, 1974. On April 23, 1974, Shepherd re-

ported sick. He stated that the back problems were worse and he would possibly be off for 30 days or more. On May 2, 1974, Shepherd advised the police department that he was in Immanuel Hospital and was to have back surgery that day. He was not released from Dr. Minard's care to return to work until August 5, 1974.

By a letter dated July 15, 1974, Shepherd was informed that his services were being terminated, effective August 1, 1974. The reason given for this action was that he had committed fraud or misrepresentation in his answer to question No. 24 on his original employment application. Shepherd contends the District Court erred in finding the existence of competent evidence to support the personnel board's finding that he committed fraud or misrepresentation in his answer.

It is well settled in Nebraska that where it appears in an error proceeding that an administrative tribunal has acted within its jurisdiction and for that type of proceeding some competent evidence sustains its findings and order, the order of the administrative agency will be affirmed. Tinsley v. City of Omaha (1973), 190 Neb. 380, 208 N. W. 2d 693.

The District Court, in affirming the finding of the city personnel board, found: "Exhibits 7, 8 and 9 (medical and police records with reference to the January 1972 injury) were clearly relevant, at least to the extent that they indicate that on January 19, 1972 plaintiff claimed to have suffered an accident and injury in line of duty for which he had received medical treatment on January 18, 1972. They were relevant not because they furnished a direct basis for discharge, but because they related to plaintiff's credibility upon an issue directly related to the cause for discharge, his alleged misstatement of facts in Exhibit 1 (the employment application). As such, they constituted an adequate basis for the board's determination which should, therefore, be affirmed."

Shepherd does not contest here the finding that he

made misrepresentations in January of 1972. His contention is that even though the personnel board may have found that he lied in 1972, such a finding and the evidence which supports it can not support a finding that he lied on his employmemt application 2 years earlier.

"Competent evidence" means evidence that tends to establish the fact in issue. Or, stated otherwise, evidence that is admissible and relevant on the point in issue. Black's Law Dictionary (4th Ed.), p. 355, defines it as: "That which the very nature of the thing to be proven requires, * * *."

It is elementary that fraud or misrepresentation requires: First, a false statement, and, second, knowledge of its falsity by the person making the same. The question presented therefore is whether the evidence discloses that on November 17, 1969, the date the application was made Shepherd knew that he suffered from a physical defect or disability because of the back operation performed 1½ years earlier. The only evidence of the city on this point was the application itself.

The evidence offered by Shepherd uncontrovertedly established the contrary. He had had no problems for more than 1 year prior to making the application. He had been performing reasonably strenuous physical activities involving his back in his employment with Hinky Dinky stores, and it was not for more than 2 years following the date of the application that he experienced any back difficulty.

His doctor's report, so far as material herein, is as follows: "I believe with relative medical certainty that in November of 1969 when he was taking a physical examination for being a police officer that he probably did not know of any physical defects or disabilities since at this time he felt that his back was asymptomatic. He would not know of it being a physical defect toward disability. In this matter, if he were asymptomatic, I believe that he would be correct.

"If the Police Force had been concerned about any possibility of a back problem, this should have been listed under operation and also observed in the physical findings of the examination. The scar from the lumbar laminectomy would be quite evident. Therefore, with medical certainty, I do not feel that Mr. Shepherd would feel that he had a physical defect or disability unless he was experiencing pain or other symptoms at the time of the examination in November of 1969."

Further, at the time of the application Shepherd was required to submit to certain physical exercises at the University of Omaha. These must have been performed to the satisfaction of the examiner.

To establish fraud or misrepresentation the city was required to show an intent on the part of Shepherd to deceive. Since the answer to the question calls for a subjective analysis of Shepherd's physical condition, some proof from which the state of his mind may be inferred is required. The city attempted to show this solely by evidence as to the recurrence of the back trouble 2 years after Shepherd entered its employ. On the record, this did not meet the city's burden of proof. An injury does not always result in a defect or a disability. As Dr. Minard suggests, on this record it is reasonable to believe that Shepherd probably did not know of any physical defect or disability, since he felt that his back was asymptomatic.

While grounds may have existed for Shepherd's discharge, the reason given by the city was not one of them. The judgment is reversed and the cause remanded with directions to the District Court to order the Omaha personnel board to reinstate Roger S. Shepherd to his position with the Omaha police department as of August 5, 1974, the date that Dr. Minard released him to return to his employment.

REVERSED AND REMANDED WITH DIRECTIONS.

NEWTON, J., dissents.