LARRY STRADLEY, APPELLEE, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, ET AL., APPELLANTS.

267 N. W. 2d 541

Filed July 12, 1978. No. 41580.

Herbert M. Fitle, Omaha City Attorney and James E. Fellows, for appellants.

Arthur D. O'Leary and John E. North, Jr., of McGrath, North, O'Malley, Kratz, Dwyer, O'Leary & Martin, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

In this action the City of Omaha seeks to set aside the reversal by the District Court of an order of the personnel board of the City of Omaha denying the grievance appeal of Larry Stradley, appellee, a police officer with the Omaha police department. The District Court held the order of the personnel board denying the grievance appeal of officer Stradley was arbitrary, capricious, and unreasonable. We reverse.

The appeal to the personnel board sought to reverse an order approved by the public safety director of the City of Omaha suspending officer Stradley for 28 calendar days from September 3 through September 30, 1976, and discharging him effective October 1, 1976, for violations of Chapter 1, sections 2, 9, and 28 of the Rules and Regulations of the Police Department.

We are specifically concerned herein with sections 9 and 28. They are as follows: Section 9. "Making False, Improper, or Incomplete Reports: Any officer or employee of the Police Division who shall deliberately make a false, incomplete or improper report, or who fails to make a required report, shall be guilty of a violation of this section."

Section 28. "Leaves: Personnel off duty due to illness shall submit proper written report covering such illness upon their return to duty, and may be required to present doctor's statement covering such illness."

The evidence is undisputed that Larry Stradley on six separate occasions from May 27 through August 28, 1976, took sick leave and then submitted a doc-

tor's authorization to return to work which purportedly bore the signature of Doctor Richard Clemmons, but which in fact had been signed with the doctor's name by Stradley. Appellee admits he did not consult the doctor on these occasions. The record is undisputed the doctor had no record of any such calls and that he authorized no one to sign the slips submitted.

Previous to the discharge, the chief of police wrote a detailed letter to Stradley, advising him that the action was taken under the collective bargaining agreement between Police Union Local No. 1 and the City of Omaha, and pursuant to the rules and regulations of the police division, setting out those rules and regulations and advising Stradley in detail of the charges and the results of the investigation made.

At the hearing before the personnel board, Stradley's attorney made the following admission: "I will admit, Mr. Stradley did every single thing he's accused of in those letters." Stradley's defense was that he was suffering severe migraine headaches on the occasions when he took sick leave. He was under the care of Richard Clemmons, M.D., although he had not consulted him on the days for which he submitted reports.

Appellee's testimony indicated he was in a state of depression through this period. He did have accumulated sick leave benefits at the time of his falsification of the doctor slips. He testified it was easier for him to falsify the slips rather than going to the doctor every time he had a migraine headache. Stradley testified he had taken the blank slips which were used from the doctor's office. An investigation at the doctor's office, however, indicated that he may have secured them from Doctor Clemmons' receptionist whose husband had been a close friend of appellee.

Appellee attempted to establish his migraines were brought on because of severe stress. A year

and a half previously he had found his wife after she had taken her own life. Additionally, he had lost an uncle and had also found a good friend, the husband of the receptionist for Doctor Clemmons, dead.

Appellee adduced the testimony of a psychiatrist at the hearing before the personnel board. This doctor testified appellee needed psychiatric treatment. He believed if Stradley could have an extended leave of absence there was a probability he could eventually return to his former effectiveness as a policeman. However, this probability was not certain. The psychiatrist testified officer Stradley was not qualified at that time to be on the police force.

Appellee argues there is no evidence to support the finding by the personnel board of the City of Omaha of any violation of the rules and regulations of the police division serious enough to merit discharge. He contends the findings of the personnel board are not supported by competent evidence. We disagree. The evidence indicates appellee was thoroughly familiar with the rules and that he deliberately falsified the records. While he attempts to justify his actions because of his condition, they cannot be so easily condoned. They were done deliberately. We are not dealing with a single impulsive act done under pressure but several separate acts performed over a period of time. There is absolutely no indication in this record that the administrative body in exercising its judgment acted arbitrarily or from favoritism, ill will, fraud, collusion, or any other such motive.

Our law is well settled. "Where it appears in an error proceeding that an administrative agency has acted within its jurisdiction and there is some competent evidence to sustain its findings and order, the order of the administrative agency will be affirmed." Harnett v. City of Omaha, 188 Neb. 449, 197 N. W. 2d 375 (1972). See, also, Tinsley v. City of Omaha, 190 Neb. 380, 208 N. W. 2d 693 (1973).

There is not a scintilla of evidence to support the action of the trial judge in reversing the finding of the personnel board. The city attorney calls our attention to the fact that in the two cases cited above, Harnett and Tinsley, the same court ignored the law and reversed the decision of the personnel board and we reinstated the decision of the personnel board. We only observe, "error persisted in, does not cease to be error."

The judgment of the District Court is reversed and the cause is remanded with directions to affirm the decision of the personnel board.

REVERSED AND REMANDED.