LLOYD E. BEASLEY, APPELLANT, V. CITY OF OMAHA ET AL., APPELLEES.

322 N.W.2d 377

Filed July 16, 1982. No. 44248.

Thomas J. Young, for appellant.

Herbert M. Fitle, City Attorney, and Kent N. Whinnery, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

This appeal arises from a determination by the District Court of Nebraska, Fourth Judicial District, in and for Douglas County, affirming a decision of the Omaha Personnel Board (Board) which upheld the termination of plaintiff-appellant Lloyd E. Beasley's employment as a manager in Omaha's housing and community development department.

Appellant asserts the District Court erred in finding, as did the Board, that appellant's separation from employment was in compliance with the applicable city ordinance. Further, that the District Court erred in finding that the evidence adduced before the Board was sufficient to constitute a basis for the termination; specifically, in finding that there was a "lack of funds" and that appellant was the "least qualified" employee. We find the assignments of error to be without merit and affirm the order of the District Court.

We first examine the scope of judicial review in an appeal by a proceeding in error which questions the decision of an administrative body, such as the personnel board of a municipality. The law in this regard is well settled. Where an administrative body

has acted within its jurisdiction and there is some competent evidence to support its findings and order, the order will be affirmed. *Stradley v. City of Omaha,* 201 Neb. 378, 267 N.W.2d 541 (1978); *Shepherd v. City of Omaha,* 194 Neb. 813, 235 N.W.2d 873 (1975). No claim is made that the Board did not act within its jurisdiction. The nature of evidence deemed competent in the context of administrative hearings has also been established. It is that which is relevant, admissible, and tends to establish the facts in issue; however, the investigation conducted by an administrative body is not intended to be carried out in observance of the technical rules adopted by courts of law. *Shepherd v. City of Omaha, supra; Munk v. Frink,* 81 Neb. 631, 116 N.W. 525 (1908).

With those rules in mind, we find that the record before the Board reveals appellant's employment was terminated, because of a lack of funds, by letter on January 31, 1979, effective that same date. He was provided with 30 days' separation pay. The appellant and another employee were selected for separation from employment because they were found to be "least qualified." Although appellant had a supervisory job title and classification, he performed no supervisory duties; he performed fewer duties and had less responsibility than another employee with an identical title and position; and over a period of time other employees had assumed various parts of his job. He had been the subject of numerous performance evaluations over a period of time which consistently resulted in low scores. He had, under three different supervisors, consistently been assigned fewer projects than other employees of his rank. Nonetheless, his performance continued to show a low output, both qualitatively and quantitatively. Appellant was perceived by peers and others as being unmotivated, and he did not inspire confidence.

The lack of adequate funds to maintain appellant's position originated with a reduction of $25,000 in the housing and community development department budget in September of 1978. An evaluation of the personnel in the division in which the reduction had occurred was begun, following which the choice of individuals to be separated was made.

Section 7.04.835 of the Omaha Municipal Code (1959) provides as follows: "A department head may separate any employee without prejudice because of lack of funds or curtailment of work, after giving notice of at least ten working days to such employee. However, no regular employee shall be separated from any department while there are provisional, probationary or temporary employees serving in the same class of positions in that department. Whenever a classified position is abolished or a reduction in force becomes necessary, lay offs shall be in reverse order of total service with the City when the qualifications of the employees to perform the available work are substantially equal; otherwise the employees best qualified to perform the work shall be retained. Such departures from the regular reduction in force procedures and the reasons therefor shall be reported to the Personnel Director. Any employee adversely affected by such an action may appeal to the Personnel Board."

Appellant argues first that the separation did not comply with the ordinance's 10-day notice requirement and that had it done so, money would have been available at the end of that 10-day period to continue his employment as the result of other vacancies which occurred. That argument is not persuasive. The notice requirement provides an employee some time while still receiving full pay within which to seek other employment. In this instance appellant was paid for 30 days without being required to work at all after he had received the notice of separation. Nor is there any merit in the

claim that events took place after the notice of separation which obviated the basis for the termination. So long as a department head acts in good faith based upon the realities of his budget at the time he acts, he is not required to review his decision in light of subsequent events. See *Sibert v. City of Omaha,* 201 Neb. 399, 267 N.W.2d 753 (1978), wherein Sibert was discharged from his employment based partly on a physician's statement that it was not likely that he could continue to perform the strenuous work which the position required without sustaining additional injuries. Plaintiff thereafter, and subsequent to his discharge, obtained another letter from the physician which said he was "probably" capable of returning to work, provided he wear a body support. We rejected that "after the fact" attempt to remove the cause for discharge. Moreover, it is not clear from the record that the personnel vacancies occurring after appellant's termination would continue to remain unfilled, although there was testimony with respect to a vacancy created by one resignation that no plan existed to fill it at this time.

Appellant further argues he was prejudiced inasmuch as his separation was not reported to the personnel director as required by the applicable ordinance. This too is moot; appellant has had the benefit of an appeal to the Board.

The remainder of appellant's argument is answered by the fact that the quantum of evidence which exists satisfies the "some competent evidence" requirement to support a finding that he fell into the "least qualified" category.

The rationale is not unlike that in *Ackerman v. Civil Service Commission,* 177 Neb. 232, 234-35, 128 N.W.2d 588, 590 (1964), wherein, in discussing the powers of the civil service commission, we said: "The act vests a wide discretion in the civil service commission but does not vest a similar discretion in the district court. The statute does not contemplate

that the appeal to the district court shall be a trial de novo similar to the review on appeal of an action in equity. The purpose of the appeal to the district court is to permit the employee to obtain a determination only as to whether the order of the commission was made in good faith for cause. If the evidence in the district court is sufficient to show that the order of the commission was made in good faith for cause, then the order of the commission must be affirmed.

"In this case the only evidence which was introduced in the district court was the record of the testimony and exhibits which were received at the hearing before the civil service commission. Thus, the inquiry here is limited to whether this evidence was sufficient to sustain a finding of cause for discharge."

Given the scope of judicial review of administrative determinations, the District Court was compelled to affirm the Board, and we are compelled to affirm the District Court.

AFFIRMED.

WHITE, J., concurs in the result.

KRIVOSHA, C.J., dissenting.

I find that I must respectfully dissent from the majority in this case. I do so not because I disagree with the majority's declaration as to the law but, rather, as to its application of the facts in this case. As amply noted by the majority, the record in this case establishes the fact that the appellant was indeed "least qualified" to perform the tasks for which he was hired. The record further discloses that the City did not have the necessary courage to take the appropriate action and discharge the employee for cause but, rather, relied upon a makeshift argument concerning a reduction in funds. It is difficult, if not impossible, to imagine that one who rose to the rank of supervisor and had seniority near the very top of the list among 15 employees was not

entitled to be "bumped down" to the lowest job in the department. If, indeed, everyone in the department was more qualified than the appellant, it would appear that he should have long ago been discharged for cause. My reason for objecting to the action taken by the majority is that I do not believe that an ordinance of the type involved herein should be used as a means of relieving city management of its responsibility to manage, or of permitting city management to avoid the responsibility of proving cause, by creating a "reduction in funds" or a "reduction in work." I believe that the City has a direct responsibility to manage its affairs and to discharge employees for cause when such cause exists. The right of an employee to be laid off in reverse order of total service, pursuant to the provisions of § 7.04.835 of the Omaha Municipal Code (1959), is totally and completely made ineffective when we permit a municipality to discharge a supervisor on the basis of "reduction in funds" or "reduction in work" because the city maintains that the supervisor who has been employed for a number of years is less qualified than any other person employed in the department.