BENARD SMITH, APPELLANT, V. CITY OF OMAHA, A MUNICIPAL
CORPORATION, ET AL., APPELLEES.

369 N.W.2d 67

Filed June 14, 1985.   No. 84-132.

Sheri E. Long, for appellant.

Herbert M. Fitle, Omaha City Attorney, and Kent N. Whinnery, for appellees.

KRIVOSHA, C.J., WHITE, and GRANT, JJ., and BRODKEY, J., Retired, and WOLF, D.J.

GRANT, J.

Benard Smith appeals from an order of the district court for Douglas County, affirming a decision of the personnel board of the city of Omaha. The board had modified and affirmed the termination of appellant's employment by the public works department. The department had suspended appellant for 15 days, pending dismissal. The board modified the department's action and suspended appellant for 39 days, pending dismissal. The district court affirmed the board's order, and this appeal followed. We affirm the district court's order.

Appellant was employed by the city as a semiskilled laborer. His duties involved inspection, repair, and replacement of barricades guarding road repair and road damage sites. He was required to maintain worksheets, indicating his activities during his working hours, and a barricade logbook, indicating where street barricades had been placed and which barricades had been repaired. Additionally, appellant did tree trimming and other yard work on his own time.

During the autumn of 1982, appellant's supervisor received

complaints from citizens concerning appellant's activities during the appellant's working hours. These complaints concerned primarily the presence of appellant at a residence on North 27th Street in his assigned area for extended periods of time. These stops were not recorded in any of the records that appellant was required to keep. On November 29, 1982, the supervisor followed appellant for approximately 4 hours. He testified that appellant's activities during that period did not conform at all to the entries in the appellant's records. Appellant occasionally parked his truck on side streets for a period of time and did nothing. He also stopped at a package liquor store and along a street to talk to some people. He drove by barricades which obviously needed repair but did not stop to repair them. As a result of these activities, appellant's employment was terminated. The termination was later changed to a 6-day suspension without pay.

On December 29, 1982, appellant's work performance was again monitored by his supervisor, who had again received complaints from citizens. The supervisor testified that appellant's barricade truck was parked at a house on North 27th Street. Appellant was not in the truck. The worksheet turned in by appellant did not include this stop. The supervisor then turned the matter over to the city's labor negotiator. On January 30, 1983, the city's labor negotiator followed appellant during his work shift and found that the logsheets did not accurately reflect appellant's activities.

There was also testimony before the board that appellant had solicited tree trimming jobs, during working hours, with a city vehicle. He had also attempted, on city time, to collect money allegedly owed to him by an elderly widow for whom he had done yard work. He visited her house, on a daily basis, from January 18 to January 25, 1983. On January 25, 1983, the elderly woman's granddaughter was at her grandmother's house and made a tape recording of a conversation between appellant and the granddaughter. The tape was received in evidence without objection and indicated, at the least, that appellant was trying to collect a personal debt for more than 20 minutes during his regular city work hours and that he arrived at the house in a city truck. The woman's granddaughter testified that

her grandmother was "scared to death" by appellant's activities and had called the police on several occasions.

Appellant was then suspended, pending dismissal, for "falsifying city records" and "offensive conduct toward the public." The record of the proceedings and the briefs of the parties indicate that both of these allegations are included in the collective bargaining agreement between appellant's union and the city as grounds for dismissal. After his suspension appellant was discharged. He timely appealed to the district court and to this court.

Appellant assigns three errors, which may be summarized as alleging that the district court erred in finding that the decision of the personnel board was supported by competent evidence and in finding that the board's decision was not contrary to law and arbitrary and capricious.

Appellant's contentions are without merit. " 'It is well settled in Nebraska that where it appears in an error proceeding that an administrative tribunal has acted within its jurisdiction and for that type of proceeding some competent evidence sustains its findings and order, the order of the administrative agency will be affirmed.' " *Sibert v. City of Omaha*, 201 Neb. 399, 400, 267 N.W.2d 753 (1978), citing *Shepherd v. City of Omaha*, 194 Neb. 813, 235 N.W.2d 873 (1975). The record herein discloses not only "some competent evidence" but overwhelming evidence justifying appellant's discharge.

Appellant argues that since the labor agreement was not introduced in evidence, the board's findings were not sustained by competent evidence. We note first that "[w]hen the employment is not for a definite term, and there are no contractual or statutory restrictions upon the right of discharge, an employer may lawfully discharge an employee whenever and for whatever cause he chooses, without incurring liability." *Alford v. Life Savers, Inc.*, 210 Neb. 441, 442, 315 N.W.2d 260, 261 (1982). It is therefore incumbent upon the appellant to introduce the labor agreement into evidence if the city is to be restricted by its terms in discharging him.

> In an action for breach of a contract of employment, the burden of proving the existence of a contract and all the facts essential to the cause of action is upon the person

who asserts the contract. . . . A burden corresponding to that of the proving of the existence of the contract exists as to the proof of its terms.

*Long v. Arthur Rubloff & Co.*, 27 Ill. App. 3d 1013, 1024, 327 N.E.2d 346, 354 (1975). See, also, *Lambert v. Equinox House, Inc.*, 126 Vt. 229, 227 A.2d 403 (1967); 17A C.J.S. *Contracts* § 579 (1963).

In his brief, appellant also contends that the district court erred in affirming the personnel board despite the board's failure to make specific written findings of fact. Appellant suggests that such findings are required by an Omaha city ordinance. However, such ordinance was never introduced in the district court. "This court will not take judicial notice of municipal ordinances not properly made a part of the record." *State v. Austin*, 219 Neb. 420, 423, 363 N.W.2d 397, 399 (1985). See, also, *State v. Hatfield*, 218 Neb. 470, 356 N.W.2d 872 (1984). As the ordinance requiring the personnel board to make specific written findings of fact is not a part of this record, the alleged failure of the board to do so cannot be grounds for reversal.

AFFIRMED.