WILLITS & COMPANY V. ARENA FRUIT COMPANY.

FILED JUNE 8, 1899. No. 8909.

1. **Conflicting Evidence:** REVIEW. Conflicting evidence will not be weighed on review in error proceeding.

2. **Review:** RULINGS ON EVIDENCE: OBJECTIONS. An objection to the admissibility of testimony cannot be raised for the first time in this court.

3. **Affidavits:** BILL OF EXCEPTIONS. Affidavits used on the hearing of a motion for a new trial, to be considered in the supreme court, must be embodied in a bill of exceptions.

ERROR from the district court of Harlan county. Tried below before BEALL, J. *Affirmed*.

*John Everson*, for plaintiffs in error.

*D. S. Hardin* and *W. O. Woolman*, contra.

NORVAL, J.

Willits & Co., of Alma, sued the Arena Fruit Company, of St. Joseph, Missouri, to recover $10 as damages for non-delivery of five barrels of Cape Cod cranberries, which the former claim to have bought from the latter. The plaintiffs have prosecuted error from the judgment rendered against them.

The first assignment of error, that the verdict is not sustained by the evidence, is not well taken. The evi-

dence adduced on behalf of the defendant on the trial is to the effect that it did not sell, or agree to deliver, to plaintiffs five barrels, or any other quantity, of cranberries; that some time in November, 1892, a Mr. Peck solicited and received from the plaintiffs an order for five barrels of Cape Cod cranberries at the price of $6.50 per barrel, which order Mr. Peck forwarded by mail to the defendant and it rejected the same, and declined to fill it, and plaintiffs were at once so advised of the fact; that Mr. Peck was never in the employ of defendant, and had no authority from the latter to make sales of goods for it. While the evidence introduced on behalf of the plaintiffs tended to establish a contract of sale, the jury were fully justified in reaching the conclusion that Mr. Peck had no actual or apparent authority to bind the defendant in the transaction. The rule that a verdict reached on a consideration of conflicting evidence will not be disturbed on review is applicable here.

Complaint is made of the admission in evidence by defendant of a letter-press copy of a letter purported to have been written by the Arena Fruit Company to plaintiffs. A complete answer to this contention is that the record fails to show that plaintiffs objected or excepted to the admission of this piece of evidence in the trial court. The ruling, therefore, is not available here. (*Hurlbut v. Hall*, 39 Neb. 889; *Rupert v. Penner*, 35 Neb. 587.)

Lastly, it is urged that prejudicial error was committed in the jury taking to their room, and retaining while deliberating on their verdict, the depositions read at the trial on behalf of the defendant. The record does not sufficiently show that the jury had any depositions or other papers with them while considering of their verdict. Affidavits in support of a motion for a new trial tending to establish the misconduct charged are contained in the transcript, but not having been embodied in the bill of exceptions, must be disregarded here. (*Wright v. State*, 45 Neb. 44; *Norfolk Nat. Bank v. Job*, 48 Neb. 774; *Gray v. Godfrey*, 43 Neb. 672; *National Lumber*

Co. v. Ashby, 41 Neb. 292; Houston v. City of Omaha, 44
Neb. 63.) No reversible error appearing on the face of
the record, the judgment is

AFFIRMED.