CITY OF OMAHA HUMAN RELATIONS DEPARTMENT, FOR
AND ON BEHALF OF COMPLAINANT JOHN A. GUY,
APPELLANT, v. CITY WIDE ROCK &
EXCAVATING COMPANY, APPELLEE.

268 N. W. 2d 98

Filed July 19, 1978. No. 41575.

Robert V. Broom, for appellant.

Clayton Byam and William J. Tighe, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding in error to review an order of the fair employment committee of the City of Omaha in a proceeding under the fair employment practices ordinance of the City of Omaha. The proceeding involved a complaint filed by John A. Guy, an employee of the respondent City

Wide Rock & Excavating Company. The complaint alleged that Guy, who was black, had been discriminated against in compensation, terms and conditions of employment, and discharge.

A petition was filed before the committee by the human relations department of the City of Omaha on behalf of the complainant. After an evidentiary hearing the committee found the evidence was insufficient to establish that the respondent was guilty of unfair labor practices. Upon reconsideration the committee reversed its original finding and found that the respondent was guilty of unfair employment practices. The committee ordered the respondent to pay the sum of $890 to the complainant and take affirmative action to increase the representation of minority groups in its employment.

The respondent then filed its petition in error in the District Court. The parties stipulated that the matter be heard de novo on the record and that a transcript of the evidence before the committee would constitute a bill of exceptions.

The District Court found that the committee had failed to make findings of fact as required by the rules of practice and procedure relating to public hearings of the committee and remanded "the appeal" to the committee to make specific findings of fact. The committee then made specific findings of fact in an order which was filed in the District Court.

A further hearing was held and the District Court found that the evidence was insufficient to establish that the respondent was guilty of unfair employment practices; that the employment of the complainant had been terminated because of his inferior work performance; and that the "Complainant's Petition" should be dismissed. From this order the human relations department of the City of Omaha, the original petitioner before the committee, has appealed.

The assignments of error are that the District Court failed to apply the standard of review appli-

cable in an error proceeding and that its finding on the merits was erroneous.

The original proceeding in this case was brought under the terms of a municipal ordinance which does not appear any place in the record. As a general rule this court will not take judicial notice of a municipal ordinance which does not appear in the record on appeal. State v. Korf, *ante* p. 64, 266 N. W. 2d 86. Since this proceeding did not originate in the municipal court it is not clear to us on what basis the District Court may have noticed the ordinance.

The initial pleading which the respondent filed in the District Court was denominated a petition in error. So far as we are able to determine there is no method by which an order of the committee could be reviewed except by a proceeding in error in the District Court. In an error proceeding, the order of an administrative tribunal must be affirmed if the tribunal has acted within its jurisdiction and there is some competent evidence to sustain its findings. Shepherd v. City of Omaha, 194 Neb. 813, 235 N. W. 2d 873.

The parties in this case stipulated that the review should be de novo on the record and it is apparent that the trial court treated the action as if it were an appeal from the committee rather than a proceeding in error.

The general rule is that parties have no right to stipulate as to matters of law and such a stipulation, if made, will be disregarded. North Platte Lodge, B. P. O. E. v. Board of Equalization, 125 Neb. 841, 252 N. W. 313; 73 Am. Jur. 2d, Stipulations, § 5, p. 539. Thus, the parties could not convert an error proceeding into an appeal by stipulation, and their agreement that the matter should be reviewed de novo on the record was not binding on the court.

It is also a general rule that a party cannot be heard to complain of an error which he was instrumental in bringing about. Regier v. Nebraska P. P.

Dist., 189 Neb. 56, 199 N. W. 2d 742. The effect of the stipulation was to waive any error by the trial court in considering the matter de novo upon the record. The petitioner can not now complain that the trial court applied the wrong standard of review.

So far as the merits of the case are concerned the evidence was in conflict. The petitioner produced evidence which, if believed, would tend to support an inference that some discrimination may have occurred. The respondent produced substantial evidence that the complainant's work performance was poor and that his employment was terminated because he was an unsatisfactory employee. The evidence was clearly sufficient to sustain the finding of the District Court based upon a de novo review of the record before the committee.

There is an additional reason why the judgment in this case must be affirmed. In Midwest Employers Council, Inc. v. City of Omaha, 177 Neb. 877, 131 N. W. 2d 609, this court held a fair employment practices ordinance of the City of Omaha invalid. In that case we said: "We hold ordinance No. 22026 of the city of Omaha to be unconstitutional in its entirety for the reason that the state, through the Legislature, did not delegate to the city of Omaha the power to permit its city council to legislate on fair employment practices and civil rights by passing ordinance No. 22026; and for the further reason that the power relating to labor relations and practices, and civil rights, lies in the state, and such matters are of statewide concern and not of local concern nor municipal government concern." The Legislature has since enacted a comprehensive law, the Nebraska Fair Employment Practice Act, sections 48-1101 to 48-1125, R. R. S. 1943, which deals with the same subject matter.

The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., concurs in the result.