277 N.W.2d 414 (1979)
203 Neb. 1
Anita Louise DAVIS, Appellant,
v.
BOARD OF EDUCATION OF the SCHOOL DISTRICT OF CALLAWAY, Appellee.
No. 41877.
Supreme Court of Nebraska.
April 10, 1979.
Brian Cook, of Mingus & Mingus, Ravenna, for appellant.
Cook, Lubberstedt & Kopf, Lexington, for appellee.
Heard before SPENCER, Retired Justice, McCOWN, and BRODKEY, JJ., and BLUE and REAGAN, District Judges.
REAGAN, District Judge.
Appellant Davis was a tenured teacher in the Callaway school system. Her employment was terminated by the Callaway board of education in 1976 for "just cause" under section 79-1254, R.R.S.1943. An error proceeding was lodged in the District *415 Court, and from an order affirming the action of the board of education this appeal was taken.
The appellant contends that the District Court applied an erroneous standard of review. The District Court held in a conclusion of law that the decision of the board of education must be affirmed if any set of facts can be constructed from the evidence before the board that would support the finding.
An error proceeding has for its purpose the removal of the record from an inferior to a superior tribunal to determine if the judgment or final order entered is in accordance with law. The standard of review in an error proceeding from an order terminating the contract of a tenured teacher is whether there has been sufficient evidence adduced at the proceeding before the inferior tribunal, as a matter of law, to support the determination reached. Sanders v. Board of Education, 200 Neb. 282, 263 N.W.2d 461 (1978); Dovel v. School Dist. No. 23, 166 Neb. 548, 90 N.W.2d 58 (1958). Although the standard of review announced by the trial court may be arguably erroneous, application of the correct standard in this court cures any error. It is well-settled law that a correct decision of a trial court will not be set aside simply because a wrong reason was announced for the decision. Peitz v. Hausman, 198 Neb. 344, 252 N.W.2d 628 (1977).
Appellant contends that the evidence was insufficient to support the action of the board of education in terminating her employment. The evidence presented to the board of education consisted of testimony from George Wright, the superintendent; David Weber, the principal; Anita Davis; Frank Swathel; Carolyn Kollmeier; and a number of exhibits. The superintendent testified he has observed the appellant and her class personally; student behavior was poor; appellant was too permissive; appellant lacked organization, control, and planning; and appellant did not motivate students. He stated in his opinion she should be terminated for just cause. The principal testified that he had taught for 10 years in the system; he personally observed appellant and her class; discipline was a problem; and appellant needed to improve in organization and control. He concurred with the superintendent's recommendation for termination. The testimony of the other witnesses could be summarized as favorable for retention. The exhibits likewise produced conflicts, either directly or in inferences to be drawn therefrom.
Appellant argues the decision herein should be controlled by the Sanders case. That case is not applicable here. In Sanders the expert witnesses charged with the duty of evaluating the performance of the teacher did not testify that her performance failed to meet the appropriate standard. Instead, they recommended to the board of education that the teacher be retained. The evidence, therefore, as a matter of law, did not establish "just cause" for terminating the teacher's employment. In the case now before us the testimony of the expert witnesses charged with the duty of evaluating the performance of the teacher was that her performance did not meet the appropriate standard. They recommended that her employment be terminated and the evidence, including the expert testimony, as a matter of law, was sufficient to support the action of the board in terminating her employment. The language in Sanders with reference to a standard of performance should not be interpreted to mean that in every hearing on termination before a board of education there must first be expert testimony establishing the appropriate and acceptable standard of performance before a board may consider whether particular conduct falls below that standard.
In an error proceeding conflicting evidence will not be weighed and the order of an administrative tribunal must be affirmed if the tribunal has acted within its jurisdiction and there is sufficient competent evidence, as a matter of law, to sustain its findings and order. See, Willits & Co. v. Arena Fruit Co., 58 Neb. 659, 79 N.W. 624; City of Omaha Human Relations Dept. v. City Wide Rock & Exc. Co., 201 Neb. 405, *416 268 N.W.2d 98; Sibert v. City of Omaha, 201 Neb. 399, 267 N.W.2d 753. In the case presently before us there is ample competent evidence, including expert testimony, to sustain the findings and order of the board of education.
AFFIRMED.