WALTER L. STALEY, JR., AND LINDA STALEY, APPELLANTS, v. CITY OF BLAIR, A MUNICIPAL CORPORATION, ALFRED O. SICK, MAYOR OF THE CITY OF BLAIR, WILLIAM GUTSCHOW, JEROME JENNY, STANLEY JENSEN, JAMES LONG, HENRY NEEF, CARL RENNERFELDT, GARY BAKER, AND DARREL JENSEN, MEMBERS OF THE CITY COUNCIL AND BOARD OF ADJUSTMENT OF THE CITY OF BLAIR, AND JOHN O'HANLON, CITY ATTORNEY OF THE CITY OF BLAIR, IMPLEADED WITH PAUL J. GROSSERODE, DOROTHY J. GROSSERODE, AND WASHINGTON COUNTY CATTLE CO., INC., APPELLEES.

292 N. W. 2d 570

Filed May 20, 1980. No. 42792.

Gordon R. Hauptman of Westergren & Hauptman, and Duane M. Katz of Hunter & Katz, for appellants.

Barlow, Johnson, DeMars & Flodman and John V. Head, for appellees Grosserode and Washington County Cattle Co., Inc.

No appearance for appellees City of Blair, mayor, council and city attorney.

Heard before BOSLAUGH and McCOWN, JJ., and COLWELL, KNEIFL, and WHITEHEAD, District Judges.

COLWELL, District Judge.

This appeal concerns the jurisdiction of a city of the first class to act as a board of adjustment, pursuant to Neb. Rev. Stat. § 19-911 (Cum. Supp. 1978). The trial court denied such authority. We affirm.

In August 1978, defendants Paul J. and Dorothy J. Grosserode filed an application with the city building inspector of Blair, Nebraska, requesting a special use permit to operate a confined cattle operation within the zoning area of that city. After notice, a hearing was had before the city council of Blair, Nebraska; objectors, including plaintiffs, were heard; and the permit was granted by the council on September 18, 1978. Plaintiffs, Walter L. Staley and Linda Staley, filed their appeal in the District Court for Washington County, Nebraska, pursuant to Neb. Rev. Stat. § 19-912 (Reissue 1977). They named the City of Blair and certain officials as parties defendant and alleged that the action of the city council was illegal, arbitrary, and capricious. The parties stipulated that, at the time of the hearing before the city council, it was acting as a board of adjustment,

as provided in § 19-911. Thereafter, the Grosserodes were made parties defendant by court order; they demurred to the petition, claiming: (a) It failed to state facts sufficient to constitute a cause of action; (b) The court had no jurisdiction over the subject matter; and (c) There was another action for the same cause pending in the same court. The trial court took judicial notice of the fact that the plaintiffs filed, at the same time and in the same court, a petition in error pursuant to Neb. Rev. Stat. § 25-1901 (Reissue 1975), alleging the same matters as the appeal here. However, that fact does not appear on the face of the petition here. The trial court sustained the Grosserodes' demurrer on the grounds of no jurisdiction and it dismissed the plaintiffs' petition.

The only issue here is whether the city council was lawfully sitting and acting as a board of adjustment which would permit plaintiffs to use § 19-912 as the procedure for an appeal and trial de novo on the record as a law case. All parties agree that Blair is a city of the first class. Plaintiffs contend that the stipulation conferred jurisdiction on the City to act as a board of adjustment and that the Grosserodes are estopped from challenging the same.

The relevant statutes that govern boards of adjustment, their membership, powers, and appeal procedures are found in Neb. Rev. Stat. §§ 19-908, 909, and 912 (Reissue 1977) and §§ 19-907, 910, and 911 (Cum. Supp. 1978). A "legislative body" is described in § 19-901 to include first and second class cities and villages. Prior to 1975, § 19-911 provided: "*Such legislative body* may provide by ordinance that it shall constitute a board of adjustment . . . ." (Emphasis supplied.) In 1975, L.B. 410 amended § 19-911 by substituting the following for the above language: "Notwithstanding the provisions of sections 19-907 and 908, *the legislative body of a village* may provide by ordinance that it shall constitute a board of

adjustment . . . ." (Emphasis supplied.) L.B. 410 restricted the application of the term "legislative body" in § 19-911 to the legislative bodies of villages.

Plaintiffs urge that the stipulation of the parties conferred jurisdiction upon the city council to sit and act as a board of adjustment. There is no merit to that contention. The Grosserodes were not parties to the stipulation but, more important, "The general rule is that parties have no right to stipulate as to matters of law and such a stipulation, if made, will be disregarded." *City of Omaha Human Relations Dept. v. City Wide Rock & Exc. Co.,* 201 Neb. 405, 407, 268 N.W.2d 98, 101 (1978).

Blair, Nebraska, is a city of the first class and by law, its city council cannot sit as a board of adjustment. The demurrer was properly sustained.

AFFIRMED.