DALE ALAN KENNEDY, APPELLANT, V.
BOARD OF EDUCATION OF THE ALLEN CONSOLIDATED
SCHOOLS, DISTRICT NO. 70-70A IN THE COUNTY OF
DIXON, IN THE STATE OF NEBRASKA, A
POLITICAL SUBDIVISION, APPELLEE.

314 N.W.2d 14

Filed December 28, 1981.    No. 43716.

Robert A. Wichser of Hirschbach & Wichser for appellant.

Jewell, Otte, Gatz, Collins & Domina for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding in error to review an order of the Board of Education of the Allen Consolidated Schools, District No. 70-70A, Dixon County, Nebraska, terminating the contract of the plaintiff. The trial court found that there was substantial evidence to sustain the order of the Board and affirmed the order. The plaintiff has appealed.

The plaintiff had been employed as a principal and guidance counselor by the defendant Board since 1975. In 1978 the plaintiff was awarded a 2-year contract. In 1980 the Board notified the plaintiff that it considered his performance to be unsatisfactory. Pursuant to Neb. Rev. Stat. § 79-1254 (Reissue 1976), the Board held a hearing on March 12, 1980, to determine whether it had

just cause to terminate the plaintiff's employment at the expiration of his contract. After the hearing, the five members of the Board who were present voted to terminate the contract. The plaintiff then commenced this action to reverse and vacate the order of the Board.

Under § 79-1254, just cause means "incompetency, neglect of duty, unprofessional conduct, insubordination, immorality, physical or mental incapacity, other conduct which interferes substantially with the continued performance of duties." The defendant's letter to the plaintiff alleged that he had failed to cooperate "'with school officials and law enforcement agencies concerning an incident involving damage to and theft of school property. A disreputable course of conduct toward the superintendent and the teaching staff. Your failure to follow procedures set forth by the office of the superintendent and the Board of Education. Your unprofessional conduct. Your failure, at the Board of Education meeting July 9, 1979, to advise the Board that the school bus 73-B was in the process of being repaired at a substantial cost when the Board considered and took action to sell the bus and your failure to properly conduct your assignment as bus supervisor.'"

In an error proceeding, the order of an administrative body must be affirmed if it acted within its jurisdiction and there is some competent evidence to sustain its findings. *City of Omaha Human Relations Dept. v. City Wide Rock & Exc. Co.*, 201 Neb. 405, 268 N.W.2d 98 (1978).

The burden is on the plaintiff to show there is no competent evidence to support the order sought to be reversed. Conflicting evidence will not be weighed, and the order must be affirmed if there is competent evidence to sustain it. *Davis v. Board of Education*, 203 Neb. 1, 277 N.W.2d 414 (1979).

There was evidence before the Board in this case from which the Board could find that the plaintiff had failed to maintain discipline on a number of occasions; that

the teachers employed by the district had lost confidence in the plaintiff and were unwilling to discuss problems with him; that he had become ineffective in his relations with the staff; and that he had failed to cooperate with the Board in a number of instances.

Perhaps the most serious complaint involved the refusal of the plaintiff to cooperate in regard to an investigation concerning the disappearance of two telephones and a control box for the public address system from the school. Apparently, the plaintiff was in the school building on a Saturday evening, April 7, 1979, at or about the time the equipment disappeared and saw four students in the hall, three boys and a girl, carrying objects which were concealed by wrappings. When first interviewed by the sheriff, the plaintiff stated he had not seen anyone in the building. Later, he stated he had seen students in the building but refused to identify them to the sheriff, the superintendent, or the Board. The plaintiff's testimony at the hearing concerning the incident was quite unsatisfactory, conflicting in some respects, and demonstrated a failure and refusal to cooperate with the sheriff and the Board in the investigation of the matter.

The record shows there was competent evidence before the Board to sustain its order. The judgment of the District Court is affirmed.

AFFIRMED.