Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/22/2025 09:13 AM CDT

- 707 -

Nebraska Supreme Court Advance Sheets
319 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 319 Neb. 707

D&M Roofing and Siding, Inc., appellant, v.
Distribution, Inc., appellee.

___ N.W.3d ___

Filed August 22, 2025.    No. S-24-607.

1. **Summary Judgment: Appeal and Error.** An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.

2. \_\_\_\_: \_\_\_\_. An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.

3. **Contracts.** The interpretation of a contract and whether a contract is ambiguous are questions of law.

4. **Judgments: Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.

5. **Contracts.** Under Nebraska law, extrinsic evidence is not permitted to explain the terms of a contract that is unambiguous.

6. **Contracts: Words and Phrases.** A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings.

7. **Contracts.** A court is not free to rewrite a contract or to speculate as to the terms of the contract which the parties have not seen fit to include.

8. **Pleadings: Evidence: Waiver: Words and Phrases.** A judicial admission is a formal act done in the course of judicial proceedings that is a substitute for evidence, thereby waiving or dispensing with the production of evidence by conceding for the purpose of litigation that the proposition of fact alleged by the opponent is true.

- 708 -

Nebraska Supreme Court Advance Sheets
319 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 319 Neb. 707

9. **Trial: Evidence: Words and Phrases.** A finding of fact is a determination concerning whether the evidence showed that something occurred or existed.
10. **Appeal and Error.** A party cannot complain of error which the party has invited the court to commit.
11. **Stipulations.** Parties have no right to stipulate as to questions of law, and such a stipulation, if made, will be disregarded.

Appeal from the District Court for Lancaster County: Lori A. Maret, Judge. Affirmed.

Tiffany S. Beerman, Gretchen L. McGill, and Christian D. Rush, of Dvorak Law Group, L.L.C., for appellant.

Adam J. Prochaska and Sheila A. Bentzen, of Rembolt Ludtke, L.L.P., for appellee.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

Papik, J.

A warehouse owned by Distribution, Inc., was damaged in a storm. After D&M Roofing and Siding, Inc. (D&M), performed a preliminary inspection of the warehouse, the parties entered into a written agreement in which Distribution promised to hire D&M to perform any repair work eventually approved by Distribution's insurer. Distribution awarded the repair work to another contractor, however, and D&M sued for breach of contract and unjust enrichment.

After multiple summary judgment motions, the district court eventually determined Distribution was entitled to summary judgment on each of D&M's claims. In response to D&M's initial summary judgment motion, the district court concluded D&M was entitled to no damages under a cancellation fee provision in the agreement. And when D&M attempted in a later summary judgment motion to pursue an alternative theory of damages for breach of contract, the district court would not consider it because D&M had conceded in the first summary

- 709 -

Nebraska Supreme Court Advance Sheets
319 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 319 Neb. 707

judgment proceeding that it was seeking only damages arising under the cancellation fee provision.

D&M now appeals. We find no merit to its assignments of error and therefore affirm.

## BACKGROUND

*Agreement and Dispute.*

D&M is a roofing company. Distribution owned a warehouse that was damaged in a storm. D&M learned of the damage, reached out to Distribution, and performed a free inspection and damage report.

The parties then entered into a written agreement. Under the agreement, D&M agreed to supply the labor and materials necessary to inspect Distribution's property for damage, to present findings to Distribution's insurance company, and then to perform repair work approved by the insurance company. The agreement set forth no exact contract price that Distribution would pay D&M but provided that the price would equal the total claim amount agreed to by the insurance company.

A section of the agreement was entitled "Cancellation Fee." It provided as follows:

> [Distribution] acknowledges that if the approval is given by the insurance company for the work or any work to replace or repair the storm damage caused to [Distribution] and [Distribution] does not engage the services of [D&M] to complete the building, [Distribution] shall pay a fee to [D&M] equivalent to 20% of the proceeds paid by the insurance company for the work done by [D&M].

After the parties signed the agreement, D&M had several meetings at the property with an adjuster for Distribution's insurer and enlisted a contractor to prepare an estimate of the cost of fully replacing the roof. Distribution forwarded that estimate to the adjuster. The adjuster also brought in a second roofing contractor to provide an alternative estimate.

- 710 -

Nebraska Supreme Court Advance Sheets
319 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 319 Neb. 707

Eventually, Distribution settled its claim with its insurer and received $886,028.88 for the damage to the roof. Distribution chose, however, to hire the second roofing contractor, rather than D&M, to perform the repair work.

D&M filed suit against Distribution in district court for breach of contract and unjust enrichment. D&M alleged in its complaint that as a result of Distribution's breach of contract, it had incurred damages of "no less than $174,151.46"—an amount equal to 20 percent of $870,757.31, which is what D&M originally estimated to be the replacement cost value for Distribution's property. In the alternative, D&M alleged that Distribution was unjustly enriched. For its unjust enrichment claim, D&M alleged that $174,151.46 reflected the value of the services it had performed.

After filing an answer, Distribution filed certain requests for admission, one of which asked D&M to "[a]dmit that in this lawsuit, Your only claim for damages is based upon [the cancellation fee provision] of the [agreement]." D&M responded, "Deny. [D&M] also has an unjust enrichment claim against [Distribution]."

*Initial Summary Judgment Proceedings.*

After the exchange of some discovery, the parties filed cross-motions for summary judgment. In its statement of undisputed facts in support of its cross-motion for summary judgment, Distribution asserted that "[t]he breach of contract damages that D&M claims in this lawsuit are limited to those damages that D&M is entitled to under [the cancellation fee provision] of the [agreement]." In support of this assertion, Distribution cited the portions of D&M's complaint regarding damages and D&M's response to Distribution's request for admission mentioned above. D&M, in its annotated statement of disputed facts opposing Distribution's motion, conceded that Distribution's statement was "[u]ndisputed." Distribution also set forth in its statement of undisputed facts that "[t]he breach of contract damages that D&M claims in this lawsuit

- 711 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
319 NEBRASKA REPORTS
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 319 Neb. 707

are 20% of the amount paid by [Distribution's insurer] to Distribution pursuant to the policyholder's release." D&M conceded this was "[u]ndisputed" as well.

After a hearing, the district court entered an order. In its order, the district court rejected Distribution's argument that the agreement was not enforceable. But while the district court concluded that the contract was enforceable and that Distribution had breached it, the district court also concluded that D&M was not entitled to any damages for breach of contract. The district court first observed that D&M had admitted that its breach of contract damages were limited to those arising under the cancellation fee provision, citing D&M's statement of disputed facts. The district court then went on to determine that D&M was not entitled to any damages under the cancellation fee provision, reasoning that the provision entitled D&M to 20 percent of the proceeds paid "for the work done by" D&M, and D&M had done no repair work. The district court also found Distribution was entitled to summary judgment on D&M's unjust enrichment claim. Although the district court granted summary judgment to Distribution on a number of issues, it stated that it was denying Distribution's motion in some respects and did not expressly dismiss D&M's breach of contract claim or the overall action.

*Subsequent Summary Judgment Proceedings.*

Over a month later, the parties filed additional cross-motions for summary judgment. This time, D&M asserted that it was entitled to lost profits as the measure of damages for its breach of contract claim. In a statement of disputed facts, D&M reversed its earlier position and claimed that it disputed that the breach of contract damages it sought were limited to those set forth in the cancellation fee provision. Distribution argued that the district court's previous order resolved all issues in the case, and it aimed with its motion

- 712 -

Nebraska Supreme Court Advance Sheets
319 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 319 Neb. 707

"to give the [district court] a vehicle to dismiss this case in its entirety."

The district court denied D&M's motion. The district court noted the changes in D&M's responses to Distribution's statement of facts, but classified D&M's original responses as judicial admissions that could not be retracted; the district court stated it had "relied on" and "accepted [D&M's] admission that its breach of contract damages were limited to the [cancellation fee provision]." The district court also granted Distribution's cross-motion, but again did not state in its order that it was dismissing D&M's breach of contract claim or the overall action.

*Initial Appeal to Nebraska Supreme Court
and Subsequent Final Order.*

After the district court's second summary judgment order, D&M appealed. We moved the case to our docket and dismissed the appeal for lack of jurisdiction, holding that the district court had not yet issued a final order or judgment finally determining the rights of the parties. See *D&M Roofing & Siding v. Distribution, Inc.*, 316 Neb. 952, 7 N.W.3d 868 (2024).

After our dismissal, Distribution filed a motion for entry of final judgment. The district court then issued a final order and judgment that incorporated the reasoning of the district court's two summary judgment orders and dismissed D&M's claims in full.

D&M now appeals the district court's final order and judgment. We moved the case to our docket pursuant to Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2024).

## ASSIGNMENTS OF ERROR

D&M assigns, consolidated and restated, that the district court erred in (1) finding that D&M was not entitled to damages under the cancellation fee provision, (2) refusing to consider D&M's claim that it was entitled to breach of

- 713 -

Nebraska Supreme Court Advance Sheets
319 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 319 Neb. 707

contract damages other than those provided under the cancellation fee provision, and (3) finding that D&M was not entitled to any damages for the breach of an enforceable contract. D&M assigns no errors to the district court's entry of summary judgment for Distribution on its unjust enrichment claim.

## STANDARD OF REVIEW

[1,2] An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Schuemann v. Timperley*, 314 Neb. 298, 989 N.W.2d 921 (2023). An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Id.*

[3,4] The interpretation of a contract and whether a contract is ambiguous are questions of law. *Lassalle v. State*, 307 Neb. 221, 948 N.W.2d 725 (2020). An appellate court independently reviews questions of law decided by a lower court. *Id.*

## ANALYSIS

*Damages Under Cancellation Fee Provision.*

D&M's first assignment of error challenges the district court's determination that D&M is not entitled to damages under the cancellation fee provision. The district court observed that under the cancellation fee provision, if Distribution failed to engage the services of D&M "to complete the building," then Distribution would be obligated to pay D&M a cancellation fee "equivalent to 20% of the proceeds paid by the insurance company for the work done by [D&M]." Because D&M performed no work, however, the district court reasoned that D&M was owed no cancellation fee; under the circumstances, the cancellation fee would be 20 percent of zero.

- 714 -

Nebraska Supreme Court Advance Sheets
319 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 319 Neb. 707

D&M takes issue with this conclusion. D&M does not dispute the district court's determination that it performed no work for purposes of the cancellation fee provision. But it argues that the district court's interpretation of the cancellation fee provision rendered the provision meaningless. It also argues that the district court failed to account for an inadvertent omission in the contract language. We address each argument below.

D&M argues that because the cancellation fee provision would only come into play if Distribution failed to hire D&M, it could never result in a cancellation fee being owed under the district court's interpretation. To avoid that result, D&M suggests that the cancellation fee provision should be interpreted to provide that D&M is entitled to 20 percent of the proceeds Distribution received from the insurance company for the work D&M agreed to perform.

D&M is correct that under Nebraska law, courts aim to avoid interpretations of contracts that would render part of the contract meaningless. See, e.g., *Seemann v. Seemann*, 318 Neb. 643, 651, 18 N.W.3d 118, 126 (2025) ("[i]f it can be avoided, no word, clause, or sentence of a contract will be rejected as superfluous or meaningless"); *Timberlake v. Douglas County*, 291 Neb. 387, 394, 865 N.W.2d 788, 795 (2015) ("[i]f a particular contract interpretation renders a material provision meaningless, that construction is inconsistent with the parties' intent"). We disagree, however, that the district court's interpretation renders the cancellation fee provision meaningless. As the district court observed in its summary judgment order, according to its interpretation of the language, D&M would be entitled to recovery under the cancellation fee provision if D&M performed some of the work but was not allowed to "complete the project."

D&M also contends that the cancellation fee provision contained an inadvertent omission as evidenced by the testimony of D&M's president. D&M's president testified in his deposition that the cancellation fee provision contained a

- 715 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
319 NEBRASKA REPORTS
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 319 Neb. 707

typographical error and that it should have referred to D&M's entitlement to a fee equal to 20 percent of the proceeds for the "work to be done" by D&M. D&M argues the district court should therefore have found that the cancellation fee provision contained a clerical error to be disregarded as contrary to the parties' intent. In support of this, D&M cites a case in which this court said that generally, "a contract will be read in accordance with the parties' intent despite the fact that the writing may contain clerical errors or inadvertent omissions." See *Ray Tucker & Sons v. GTE Directories Sales Corp.*, 253 Neb. 458, 463, 571 N.W.2d 64, 68 (1997).

[5] There are multiple problems with this argument. First, it would not have been proper for the district court to consider D&M's evidence that the cancellation fee provision contained an inadvertent omission. The testimony of D&M's president was extrinsic evidence. Under Nebraska law, extrinsic evidence is not permitted to explain the terms of a contract that is unambiguous. *Ray Anderson, Inc. v. Buck's, Inc.*, 300 Neb. 434, 915 N.W.2d 36 (2018). And, as we will explain, D&M has not demonstrated that the cancellation fee provision was ambiguous.

[6,7] A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *Id.* D&M insists that the cancellation fee provision must mean that, in the event Distribution did not hire D&M to perform the repair work, Distribution was obligated to pay D&M an amount equal to 20 percent of the proceeds Distribution received from the insurance company. But D&M fails to demonstrate how the actual words of the cancellation fee provision can be interpreted in this manner. D&M's request that we interpret the provision to refer to the work *to be* done by D&M amounts, in essence, to a request that we disregard the provision's actual words. The words "to be" do not appear in the contract. And a court is not free to rewrite a contract or

- 716 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
319 NEBRASKA REPORTS
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 319 Neb. 707

to speculate as to the terms of the contract which the parties have not seen fit to include. *Id.*

Second, D&M's reliance on *Ray Tucker & Sons* is misplaced. In that case, a party signed a document that on its first page "made specific and obvious reference to" a limitation of liability clause on its back page, although the signing party initially received only the document's front page. See *Ray Tucker & Sons*, 253 Neb. at 463, 571 N.W.2d at 68. We reasoned that "[w]hile [the reverse side] was not originally transmitted to [the signing party], it was clearly placed on notice that the clause was intended to be included in the contract," and that the parties' past course of dealing—which involved multiple contracts containing similar limited liability provisions—supported the conclusion that the parties intended to include the limited liability clause in the contract but inadvertently omitted it. See *id.* at 464, 571 N.W.2d at 69.

This case is distinguishable on many fronts. For one, D&M and Distribution's agreement contains no specific and obvious reference to the language D&M claims was inadvertently omitted. Moreover, we only assessed extrinsic evidence in *Ray Tucker & Sons* because we concluded that the specific reference to the missing clause "constitute[d] an ambiguity requiring judicial interpretation in order to determine whether the limitation of liability clause was included in the contract." 253 Neb. at 462, 571 N.W.2d at 68. As we have explained, we see no basis to find that the cancellation fee provision at issue here was ambiguous.

We find no merit to D&M's arguments that the district court erred by concluding that it was not entitled to damages under the cancellation fee provision.

*Other Damages.*

Having determined that D&M is not entitled to damages under the cancellation fee provision, we now consider whether the district court erred by determining that D&M was not entitled to any breach of contract damages outside of the cancellation fee provision. We find no error in the district court's

- 717 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
319 NEBRASKA REPORTS
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 319 Neb. 707

conclusion, though we employ different reasoning in reaching it. See *Syring v. Archdiocese of Omaha*, 317 Neb. 195, 210, 9 N.W.3d 445, 458-59 (2024) ("[a]n appellate court may affirm a lower court's ruling that reaches the correct result, albeit based on different reasoning").

As stated above, during the first round of summary judgment proceedings in this case, Distribution set forth in its statement of undisputed facts that D&M's breach of contract damages were limited to those provided by the cancellation fee provision, and D&M conceded this was "[u]ndisputed." The district court relied on this concession in its first summary judgment order in finding that D&M's damages were so limited. When Distribution repeated the above statement of fact in a later proceeding, D&M changed its response to "[d]isputed." In its second summary judgment order, the district court noted the change but stated it had accepted D&M's earlier admission, reasoning, "[D&M] admitted that its breach-of-contract damages were limited to those under [the cancellation fee provision]. After the Court has relied on that admission, and ruled that [D&M] is not entitled to damages under [the cancellation fee provision], [D&M] would like to start over. It is too late." This reasoning was incorporated by reference into the district court's final order dismissing D&M's claims.

[8,9] The district court's rationale in concluding D&M could not change its damages theory was that D&M's concession during the first round of summary judgment proceedings was a judicial admission that D&M could not later retract. We disagree with the district court that D&M's statement amounted to a judicial admission. A judicial admission is a formal act done in the course of judicial proceedings which is a substitute for evidence, thereby waiving or dispensing with the production of evidence by conceding for the purpose of litigation that the proposition of fact alleged by the opponent is true. *Clemens v. Emme*, 316 Neb. 777, 7 N.W.3d 166 (2024); *In re Estate of Radford*, 297 Neb. 748,

- 718 -

Nebraska Supreme Court Advance Sheets
319 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 319 Neb. 707

901 N.W.2d 261 (2017). A finding of fact, however, is a determination concerning whether the evidence showed that something occurred or existed. *Clemens, supra*. D&M's concession regarding the damages it seeks in this lawsuit was not an admission of fact. Accordingly, it did not qualify as a judicial admission. See, e.g., *Conductive Technologies, Inc. v. PNC Bank, NA*, 737 F. Supp. 3d 270 (M.D. Pa. 2024) (scope of judicial admissions is restricted to matters of fact that otherwise would require evidentiary proof); *Koziar v. Rayner*, 200 A.3d 513, 521 (Pa. Super. 2018) (holding judicial admissions must be "clear and unequivocal admission[s] of fact" and "are limited in scope to factual matters otherwise requiring evidentiary proof, and are exclusive of legal theories and conclusions of law"); *Mims v. Mims*, 297 Ga. 70, 772 S.E.2d 674 (2015) (judicial admissions apply only to admissions of fact, and not to conclusions of law).

[10] Nonetheless, we find that another well-established doctrine precludes D&M from arguing on appeal that it was entitled to damages outside the cancellation fee provision. This court has long held that a party cannot complain of error which the party has invited the court to commit. *Lizeth E. v. Roberto E.*, 317 Neb. 971, 12 N.W.3d 809 (2024); *Nebraska Republican Party v. Shively*, 311 Neb. 160, 971 N.W.2d 128 (2022). See, also, *State v. Nebraska Assn. of Pub. Employees*, 313 Neb. 259, 984 N.W.2d 103 (2023) (stating that party cannot be heard to complain of error that party has been instrumental in bringing about). We have stated similarly that a party may not waive an error, gamble on a favorable result, and, upon receiving an unfavorable result, reassert the error. See, e.g., *de Vries v. L & L Custom Builders*, 310 Neb. 543, 968 N.W.2d 64 (2021); *Maxwell v. Montey*, 262 Neb. 160, 631 N.W.2d 455 (2001); *Fisher Corp. v. Consolidated Freightways*, 230 Neb. 832, 434 N.W.2d 17 (1989).

We find that by conceding in the first round of summary judgment proceedings that the breach of contract damages it sought were limited to those arising under the cancellation

- 719 -

Nebraska Supreme Court Advance Sheets
319 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 319 Neb. 707

fee provision, D&M invited the district court to conclude that its damages were limited in this way. Under the invited error doctrine, we find that D&M cannot now complain that this conclusion was erroneous.

[11] We anticipate that D&M might argue that because its concession was not an admission of fact, it should not be binding on D&M beyond the first set of summary judgment proceedings. It is true that under well-established Nebraska law, parties have no right to stipulate as to questions of law, and such a stipulation, if made, will be disregarded. *State v. Blocher*, 313 Neb. 699, 986 N.W.2d 275 (2023); *Hillcrest Country Club v. N.D. Judds Co.*, 236 Neb. 233, 461 N.W.2d 55 (1990). And D&M's concession, while perhaps not a stipulation as to a precise question of law, was certainly not a concession of an evidentiary fact.

In various contexts, however, this court has held that a party's stipulation may waive the party's right to assign error relating to the matter stipulated to, even where the stipulation involves a question of law or some other nonevidentiary matter. Our decision in *City of Omaha Human Relations Dept. v. City Wide Rock & Exc. Co.*, 201 Neb. 405, 268 N.W.2d 98 (1978), is particularly instructive. In that case, a city filed a petition on behalf of an employee alleging his employer had discriminated against him, and a city committee found against the employer. The employer, seeking review of the committee's order, filed a petition in error in district court, and the parties stipulated that the matter be heard de novo on the record. *Id.* The district court went on to find under a de novo on the record standard that there was insufficient evidence to establish the employer's violation and dismissed the case. *Id.*

The city appealed, assigning that the district court had failed to apply the correct standard of review and that its finding on the merits was wrong. *Id.* We affirmed the district court's judgment, however, although we acknowledged that de novo on the record was not the correct standard of review for the lower

- 720 -

Nebraska Supreme Court Advance Sheets
319 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 319 Neb. 707

proceeding. We first recognized that parties have no right to stipulate as to matters of law and concluded, accordingly, that the parties' agreement that the matter be reviewed de novo on the record was not binding on the district court. *Id.* But we also applied the invited error doctrine, explaining:

> It is also a general rule that a party cannot be heard to complain of an error which he was instrumental in bringing about. . . . The effect of the stipulation was to waive any error by the trial court in considering the matter de novo upon the record. The petitioner can not now complain that the trial court applied the wrong standard of review.

*Id.* at 407-08, 268 N.W.2d at 101 (citations omitted).

In *Keiser v. Keiser*, 310 Neb. 345, 965 N.W.2d 786 (2021), we confirmed that this court has applied the invited error rule in connection with a question of law. In that case, an appellant in a dissolution action challenged the child support calculation contained in an order. The appellant had proposed a specific methodology for calculating child support, and the district court followed his proposed method. When, on appeal, the appellant argued the methodology used by the district court was error, we rejected his argument under the invited error doctrine. In response to the appellant's argument that the application of Nebraska's child support guidelines presented a question of law, and that as a result, this court should have reached an independent conclusion with regard to that issue, we explained that we had previously applied the invited error doctrine in connection with a question of law. See, also, *Nebraska Republican Party v. Shively*, 311 Neb. 160, 175, 971 N.W.2d 128, 140 (2022) ("[h]aving goaded the court into making its order on an expedited basis, the objectors cannot now contend that the court erred in doing so"); *VKGS v. Planet Bingo*, 309 Neb. 950, 962 N.W.2d 909 (2021) (party who proposed bifurcation of claims could not later assign error to district court's decision to bifurcate).

- 721 -

Nebraska Supreme Court Advance Sheets
319 Nebraska Reports
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 319 Neb. 707

The same logic applies here. The fact that D&M's concession was not an admission as to an issue of fact is immaterial to the invited error analysis. D&M, in the first round of summary judgment proceedings, invited the district court to conclude that D&M's breach of contract damages were limited to those provided under the cancellation fee provision. Because D&M did so, it cannot now complain on appeal that it actually was entitled to other damages.

Perhaps D&M might also argue that by changing its damages theory during the second round of summary judgment proceedings, rather than waiting to do so until the appeal, D&M gave the district court sufficient opportunity to consider whether it was entitled to other damages, and that the invited error doctrine should not apply in such circumstances. We find nothing in our invited error jurisprudence, however, that limits the doctrine's applicability to situations where the inviting party waits until the case has been appealed to challenge the error at issue. And, more fundamentally, entertaining D&M's appeal on this issue would undermine the invited error doctrine by providing a way around it. To afford appellate review of this issue would allow for review of an invited error, so long as the party sought reconsideration of the issue before seeking appellate review. See *Warner v. Simental*, No. 362750, 2023 WL 5314742 (Mich. App. Aug. 17, 2023) (unpublished opinion). See, also, *Fisher Corp. v. Consolidated Freightways*, 230 Neb. 832, 838, 434 N.W.2d 17, 22 (1989) ("one may not waive an error, gamble on a favorable verdict, and, upon receiving an unfavorable result, reassert the error"). We decline to permit D&M to evade the invited error doctrine in this way.

*No Damages for Breach of Enforceable Contract.*

Finally, we address D&M's argument that the district court erred by finding that D&M could not recover any damages for Distribution's breach of an enforceable contract. D&M argues that allowing Distribution to escape any liability would "set a

- 722 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
319 NEBRASKA REPORTS
D&M ROOFING & SIDING v. DISTRIBUTION, INC.
Cite as 319 Neb. 707

dangerous precedent" in that a party could breach a contract and "get away without paying any damages for their breach." Brief for appellant at 34.

We disagree with D&M that the district court necessarily erred because it granted summary judgment to Distribution despite finding it breached an enforceable contract. While a party that breaches a contract is liable for at least nominal damages, see, e.g., *Oltman v. Parde*, 32 Neb. App. 725, 5 N.W.3d 197 (2024), D&M did not request an award of nominal damages in the district court, and it is not arguing for such an award on appeal.

We also reject D&M's suggestion that this case will have far-reaching consequences for subsequent breach of contract actions and allow parties to breach contracts with impunity. The district court did not find that D&M was never entitled to any damages for Distribution's breach. The district court concluded only that D&M was not entitled to damages under the cancellation fee provision and that D&M conceded away its opportunity to pursue other damages. Because we find no error in either conclusion, we cannot say the district court erred by granting summary judgment to Distribution, notwithstanding the district court's conclusion that Distribution breached an enforceable contract.

## CONCLUSION

We find no merit to D&M's assignments of error and therefore affirm.

AFFIRMED.

STACY, J., concurring in the result.